IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cv-00900-BNB

(Removal from County Court, City and County of Denver, Colorado, *Real Property Management Colorado LLC. V. Jewarode Law, et al.*, Case No. 12C56604)

REAL PROPERTY MANAGEMENT COLORADO LLC,

    Plaintiff,

v.

JEWARODE LAW, and
ALL OTHER OCCUPANTS,

    Defendants.

---

ORDER FOR SUMMARY REMAND

---

Rachel Law, on behalf of herself and her three minor children, filed *pro se* a Notice of Removal (Doc. No. 2), on April 5, 2012, purportedly removing to this Court a Complaint in Unlawful Detainer filed against her and her husband, Jewarode Law, *Real Property Management Colorado LLC. V. Jewarode Law, et al.*, in the County Court, City and County of Denver, Colorado, Case No. 12C56604. On April 11, 2012, Ms. Law filed a Motion to Withdraw the Notice of Removal (Doc. No. 8), asserting that the parties had reached a stipulation in the state court proceeding.

The Court must construe Ms. Law's filings liberally because she is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be remanded summarily to the state court.

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). "'The removing party has the burden to demonstrate the appropriateness of removal from state to federal court.'" *Baby C v. Price*, No. 04-3299, 138 F. App'x 81, 83 (10th Cir. June 10, 2005) (unpublished) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Ms. Law claims that this Court has original question jurisdiction over the action because she has asserted a counterclaim against the Plaintiff for racial discrimination, in violation of the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.* However, Defendant's counterclaim does not bestow jurisdiction upon this Court. A civil action is removable only if the plaintiff originally could have brought the action in federal court. *See* 28 U.S.C. § 1441(a); *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also Vaden v. Discover Bank,* ___ U.S. ___ , 129 S.Ct. 1262 (2009) (stating that federal jurisdiction cannot be predicated "upon an actual or anticipated counterclaim."). The complaint in unlawful detainer presents a state law claim and therefore, this action was not removable from state court

pursuant to 28 U.S.C. § 1441(a).

Furthermore, the action was not removable based on diversity of citizenship. Section § 1441(b) of Title 28 U.S.C. provides:

> a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added). It is not clear from the state court pleadings whether the Defendants are citizens of the State of Colorado, or if the Plaintiff and Defendants are diverse from each other. However, even if the statutory diversity requirements are met, federal diversity jurisdiction arises only if the amount in controversy meets or exceeds $75,000, without regard to any counterclaim filed by the Defendants. *See* 28 U.S.C. § 1332(b).

The complaint in unlawful detainer alleges that "[t]he amount sought in this action does not exceed $15,000." (Doc. No. #, at 1). Because Defendant Rachel Law requested the removal, she must identify allegations in the notice of removal establishing that the amount in controversy exceeds $75,000. *Baby C*, 138 F. App'x at 83; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). There are no allegations in the notice of removal to counter Plaintiff's assertion that the amount sought by Plaintiff is less than $15,000. Defendant thus has failed to demonstrate that the amount in controversy exceeds $75,000.00. Consequently, this Court lacks jurisdiction over the action pursuant to 28 U.S.C. § 1332.

Ms. Law also suggests that removal is appropriate pursuant to 28 U.S.C.

§ 1443(1). The requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). The removal petitioner must allege that the right denied "arises under a federal law 'providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting 28 U.S.C. § 1443(1)). Second, "it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Ms. Law has failed to provide the court with specific factual allegations regarding her inability to enforce her federal civil rights in the state court proceeding. Therefore, removal pursuant to § 1443(1) is not appropriate.

In sum, because it clearly appears on the face of the Notice of Removal and attached exhibits that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4). Accordingly, it is

ORDERED that this action is remanded summarily to the County Court, City and County of Denver County, Colorado. It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the County Court, City and County of Denver, Colorado.  It is

FURTHER ORDERED that the Motion to Withdraw (Doc. No. 8) is **granted** in accordance with the summary remand order above.  It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is **denied** as moot.  It is

DATED at Denver, Colorado, this   12th   day of        April       , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court